IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS JAMES JOHNSON,

    Petitioner,                    No. CIV S-07-2347 LKK EFB P

    vs.

SISTO, Warden, et al.,

    Respondents.                FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on the November 1, 2007 petition. Respondent moves to dismiss the petition as untimely. For the reasons explained below, the motion must be granted.

       On February 10, 1994, pursuant to a plea bargain, petitioner pled no contest to torture in violation of Cal. Penal Code § 206. Pet. at 1, 50, 71-74.[1] On March 10, 1994, petitioner was sentenced to seven years to life with the possibility of parole. *Id.* at 17, 62-63. Petitioner did not appeal the judgment. *Id.* at 1.

////

---

[1] The petition and attached exhibits are not consecutively numbered. Accordingly, all point references to the petition herein will correspond to the page number as it appears on the court's docket.

1

On March 13, 2006, petitioner filed a petition for writ of habeas corpus in the Solano County Superior Court. *Id.* at 75. On April 25, 2006, the superior court denied the petition. *Id.* at 76. On May 12, 2006, petitioner filed a petition for writ of habeas corpus in the First Appellate District of the California Court of Appeal. Resp.'s Mot. to Dism., Ex. 1. On May 25, 2006, the court of appeal denied the petition. *Id.*; Pet. at 77. On June 12, 2006, petitioner filed a petition for review in the California Supreme Court. Mot. to Dism., Ex. 2. On July 19, 2006, the California Supreme Court denied the petition. *Id.*; Pet. at 78.

On November 1, 2007, petitioner filed the instant petition, wherein he claims that he was denied effective assistance of counsel, that he did not understand the plea agreement when he signed it, and that he was denied due process because he was not informed that under the plea agreement, he would be subject to parole in the event he is released from prison.[2] Pet. at 6, 25, 34, 70, 73.

A one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Since petitioner did not appeal the state judgment, that judgment became final 60 days after the March 10, 1994 sentencing, when the time to file a notice of appeal expired. *See* Cal. R. Ct. 8.308(a). For cases that became final before April 24, 1996, the date the Antiterrorism and Effective Death Penalty Act of 1996 was enacted, the Ninth Circuit has authorized a one year grace period, or until April 24, 1997, to file a timely federal petition. *Patterson v. Stewart*,

---

[2] Petitioner also filed a separate petition in this court on September 21, 2006. *See Johnson v. Sisto*, No. 06-cv-2096 MMM, Docket No. 1. That petition challenges a different judgment, raising a claim that the Board of Parole Hearings had failed to provide petitioner with a timely parole eligibility hearing.

251 F.3d 1243, 1246 (9th Cir. 2001). Accordingly, unless petitioner is entitled to tolling, the instant petition was filed more than ten years after the limitations period expired.

The limitations period is tolled during the pendency of a properly filed state collateral challenge to the judgment. 28 U.S.C. § 2244(d)(2). However, a state habeas corpus petition filed after the statute has expired does not toll the limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Here, petitioner did not begin his state collateral challenges until March 2006, almost nine years after the limitations period had expired. Thus, none of his state habeas corpus petitions tolled the statute.

Petitioner insists that he did not discover the parole requirement he now challenges until he received a written copy of the plea agreement in "about 1998." Pet. at 6, 70; *See also* Opp'n at 1. Assuming petitioner did not discover the factual predicate of his claim until 1998, the limitations period would extend to no later than an unspecified date in 1999 and the instant petition would still be filed at least seven years too late.

Accordingly, it is hereby RECOMMENDED that the petition be dismissed as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 29, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE